UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

GIOMAR ANDREINA RENDON §
URRIOLA *on behalf of* ANDERSON JOSE §
HERNANDEZ SANCHEZ §
§
VS. § CIVIL ACTION NO. 5:26-cv-221
§
KRISTI NOEM[1] *et al.* §

## ORDER

Giomar Andreina Rendon Urriola initiated this habeas proceeding, allegedly on behalf of her spouse, Anderson Jose Hernandez Sanchez (*see* Dkt. No. 1). Because Giomar has not satisfied her burden to clearly justify next friend status, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

## I.    BACKGROUND

On February 20, 2026, the Court ordered Giomar Andreina Rendon Urriola to show cause in writing why the instant Petition should not be dismissed for lack of subject matter jurisdiction (*see* Dkt. No. 6). Namely, Giomar was ordered to: "(1) adequately explain why Anderson cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) provide proof to support why the circumstances prevent him from representing his own interests; and (3) establish that she is truly dedicated to Anderson's best interests" (Dkt. No. 6 at 4).

Giomar timely filed her response (*see* Dkt. No. 10). She purports that next friend status is warranted because Anderson's ongoing detention, language barriers, and subsequent deportation thwart his ability to pursue his habeas action on his own (*see*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted for Respondent Kristi Noem in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

1

Dkt. No. 10 at 1). These reasons are insufficient to justify the first prong of next friend status.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

## III.  DISCUSSION

Petitioner advances three general justifications for prospective next friend status: Anderson's immigration-related detention, non-proficiency in the English language, and his subsequent deportation (*see* Dkt. No. 10 at 1–2). For starters, Anderson's "detention as a general matter cannot be used to satisfy the 'adequate explanation' requirement. Every habeas corpus action necessarily involves a petitioner who is 'in custody.'" *Ceballo Garcia v. Warden of Diamondback Corr. Facility*, No. CIV-26-710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026). Likewise, the "[i]nability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal

proceedings with the aid of translation." *Id.*; *see also Tooke v. Noem*, No. 7:26-CV-38–WLS, 2026 WL 561047, at *1 (M.D. Ga. Feb. 27, 2026) (finding language hurdles insignificant in a next friend analysis as "most immigrants in detention likely face language . . . barriers"). Finally, Petitioner was tasked with proving that Anderson could not sign the petition upon its *filing*. *See Burruss*, 2023 WL 319955, at *3 (the putative next friend must demonstrate "why the detained person did not sign and verify the petition"). Even assuming, without expressly deciding, that Anderson's subsequent deportation rendered the courts inaccessible to him, it has no bearing on his inability to sign and verify the petition from the outset.

Because Giomar fails to show that she may proceed as Anderson's next friend, the Court lacks jurisdiction to consider the § 2241 petition. *Burruss*, 2023 WL 319955, at *4; *Wiley v. Texas*, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at *2 (N.D. Tex. June 24, 2025), *report and recommendation adopted*, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025).

## IV.  CONCLUSION

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Petitioner's Emergency Motion to Expedite and for Same-Day Review and Motion for Order Facilitating Return and Preserving Jurisdiction (Dkt. Nos. 2, 9) are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action. Additionally, the Clerk of Court is **DIRECTED** to **SERVE** a copy of this Order via any receipted means to:

Giomar Andreina Rendon Urriola
3109 Douglas Ave, Apt. 160
Dallas, Texas 75219

Anderson Jose Hernandez Sanchez
A-Number: A-245-290-176
Rio Grande Processing Center
1001 San Rio Boulevard
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** May 1, 2026.

Marina Garcia Marmolejo
United States District Judge